**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **SAWMILL WOODS HOMEOWNERS ASSOCIATION, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Cause No. 1:26-cv-00189-HAB-ALT** |
| **WEST BEND MUTUAL INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Counterclaim for Declaratory Judgment (ECF 22) filed on July 10, 2026, pursuant to Federal Rule of Civil Procedure 12(f). On July 31, 2026, Defendant filed its response in opposition. (ECF 28). Plaintiff did not reply and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(2)(B). Accordingly, the motion (ECF 22) is ripe for adjudication and will be DENIED.

**A. Factual and Procedural Background**

The facts as alleged in the complaint are as follows: Plaintiff is a non-profit corporation and a condominium owners association, responsible for various real estate and improvements. (ECF 1 at 1). Defendant is an insurance company, who issued a policy to Plaintiff. (*Id.*). As alleged in the complaint, in 2021, Plaintiff suffered a loss and filed a claim with Defendant, and due to disagreement over the value of the loss, a first round of litigation ensued. (*Id*. at 3-4). In May 2025, the Court issued an "Agreed Order Directing Appraisal Panel," and the Panel issued a unanimous Appraisal Award on February 20, 2026. (*Id.* at 4-5). Plaintiff claims that Defendant refuses to pay the Appraisal Award and owes Plaintiff a net minimum of $508,639.14. (*Id*. at 5).

In sum, Plaintiff alleges breach of contract and bad faith relating to Defendant's refusal to pay a unanimous Appraisal Award. Defendant frames the issues in this case differently, explaining that the complaint "fails to acknowledge that the Appraisal Award contains two amounts: the cost of full roof replacements ($550,666.21) and the cost of limited repairs ($10,549.88). At issue is which of these two amounts is owed under the insurance policy." (ECF 28 at 3 (emphasis omitted)). Defendant says it already paid Plaintiff $12,027.07, which satisfies the cost of limited repairs, and has no further liability. (ECF 13 at 14).

In its answer, Defendant raises one affirmative defense and one counterclaim for declaratory judgment. (ECF 13 at 12, 14). However, Plaintiff argues the two pleadings are the same, that Defendant repackaged the affirmative defense as a counterclaim, making the counterclaim redundant. (ECF 22 at 1-2). Before addressing Plaintiff's contention, however, we first recount the applicable standard.

**B. Applicable Legal Standard**

Federal Rule of Civil Procedure 12(f) "permits a district court to strike portions of a pleading '[u]pon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (alteration in original) (citation omitted).

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they consume scarce judicial resources, *see Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only

to delay[,]" *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). "But where …. motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*.

**C. Analysis**

Defendant's counterclaim does not seem like unnecessary clutter. *See id*. Federal Rules of Civil Procedure 8(c) and 13(a) use the word "must." Under Rule 8(c), "a party *must* affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added). Additionally, under 13(a),

> [a] pleading *must* state as a counterclaim any claim that…the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a) (emphasis added).

Defendant argues,

> the Counterclaim here alleges that West Bend's payment to Sawmill ($12,027.07) exceeds West Bend's liability under the Appraisal Award ($10,549.88). Thus, if Sawmill voluntarily dismissed its Complaint, the Counterclaim would not be moot because West Bend has a right of reimbursement for the overpayment. As in *Jupiter Aluminum Corp*. [*v. Home Ins. Co*., 181 F.R.D. 605, 608 (N.D. Ill. 1998)], Sawmill's Complaint and West Bend's Counterclaim are logically related for purposes of Rule 13(a).

(ECF 28 at 2-3). Defendant's argument is persuasive. Defendant's counterclaim for the overpayment arises out of the same transaction or occurrence as Plaintiff's claims and there is no additional party that needs to be added. (*See* ECF 13 at 15, 18 (alleging Defendant paid $12,027.07 but owed $10,549.88)). As such, the counterclaim is compulsory.

However, Plaintiff seeks to strike Defendant's counterclaim as redundant of the pled affirmative defense, citing *Lincoln Nat. Corp. v. Steadfast Ins. Co.*. *See* No. 1:06-CV-00058, 2006 WL 1660591, at *1 (N.D. Ind. June 9, 2006). The Court reasoned that redundancy alone is

enough to grant a motion to strike, particularly a "counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown." *Id.* at *2 (collecting cases). However, this case is distinguishable.

As Defendant explained, the way it could receive reimbursement for overpayment would be through the counterclaim, not through the affirmative defense. (ECF 28 at 4; *see also* ECF 13 at 15, 18). Although there are many similarities between the counterclaim and affirmative defense, as Plaintiff pointed out (ECF 22 at 4), the two do not appear to be pointlessly repackaged versions of each other. The counterclaim seeks relief related to Plaintiff's claim but appears to seek more than just the opposite result of the complaint, making it a non-redundant, compulsory counterclaim. *Cf. Lincoln Nat. Corp.,* WL 1660591, at *1-2. Because the counterclaim does not seem redundant or immaterial, and motions to strike are disfavored, the motion to strike is denied.

**D. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Counterclaim for Declaratory Judgment (ECF 22) is DENIED.

SO ORDERED.

Entered this 13th day of August 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge